IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROCELIUS LOCKETT AND** | § | |
| **BRANDON KIBART** | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| **THE FINISH LINE, INC.** | § | |
| **D/B/A FINISH LINE** | § | |
| And | § | |
| **FRISCO POLICE DEPARTMENT** | § | |
| *Defendants.* | § | |
| | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs Rocelius Lockett and Brandon Kibart, file this, their Original Complaint against Defendants The Finish Line, Inc. d/b/a Finish Line and Frisco Police Department as follows:

### I.   SUMMARY OF ARGUMENTS

1. This is an action for relief from Defendant The Finish Line, Inc. d/b/a Finish Line ("Finish Line") who directed and engaged in a conspiracy with its own officers, directors, employees, and agents to engage in racial profiling and malicious prosecution.

2. Rocelius Lockett and Brandon Kibart ("Plaintiffs") allege that Defendant Finish Line, as part of the conspiracy to engage in a policy of racial profiling, which lead to the making of false allegations of theft on a 911 call to an operator. which caused a commencement of criminal prosecution based on race and appearance.

3. This is an action for relief from slander per se by Defendant Finish Line.

4. This is an action for relief from intentional infliction of emotional distress by Defendant Finish Line and Defendant Frisco.

5. Defendant Finish Line made an oral false statement, with malice, to third parties without

justification or excuse, that was defamatory as a matter of law in that it was an imputation of the commission of a crime.

6. Defendant Finish Line acted intentionally or recklessly falsely accusing Plaintiffs of the theft of $600.00 of clothing in the middle of a busy shopping mall during the thanksgiving holiday. Defendant Finish Line intended that Plaintiffs be arrested and placed in handcuffs. Defendant Finish Line had actual knowledge that two (2) minor children were with Plaintiffs. Defendant Finish Line acted with such conduct that was extreme and outrageous. The conduct caused the Plaintiffs emotional distress. The emotional distress was severe.

7. This is an action for relief from Defendant Finish Line's interference of Plaintiff's Civil Rights in violation of 42 U.S.C §1981, 42 U.S.C §1983 and 42 U.S.C §1985(3).

8. Defendant Finish Line unlawfully discriminated against Plaintiffs on the basis of race. Defendant Finish Line prevented Plaintiffs from contracting with and continuing to shop at other retailers in the shopping mall or travel to and obtain the services of Dave and Busters, an amusement business.

9. Defendant Finish Line is guilty of negligent training, supervision, and retention.

10. Defendant Finish Line had a duty to supervise its employees and retain only competent and qualified employees, that duty was breached when Defendant Finish Line retained employees who discriminated and racially profiled Plaintiffs, and Defendant Finish Line failed to properly train and supervise its employees to prevent racial profiling. Defendant Finish Line's breach was a proximate cause of the injuries and loss suffered by Plaintiffs.

11. Defendant Finish Line created a culture of racism and racial profiling. Defendant Finish Line directed its employees who worked in concert with this discriminatory policy to target it minority customers. Defendant Finish Line encourages an atmosphere of falsely

reporting shoplifting to police officers. This corporate culture was to report shoplifting first without verifying and have police detain people and search them.

12. This is an action for relief from Defendant Frisco Police Department ("Frisco") who is guilty of negligent training, supervision, and retention.

13. Defendant Frisco had a duty to supervise its officers and retain only competent and qualified officers, that duty was breached when Defendant Frisco retained officers who discriminated and racially profiled Plaintiffs, and Defendant Frisco failed to properly train and supervise its employees to prevent racial profiling. Defendant Frisco breached this duty when officers placed Plaintiffs under arrest by handcuffing them. Defendant Frisco's breach was a proximate cause of the injuries and loss suffered by Plaintiffs.

14. This is an action for relief from Defendants Finish Line and Frisco's false imprisonment. Plaintiffs are protected against impairment by nongovernmental discrimination and impairment under color of State law. Defendants violated these protections.

15. Plaintiffs allege that Defendant Finish Line's conduct was intended to and did cause the detention of Plaintiffs when officers of Defendant Frisco carried out the arrest by request of Defendant Finish Line based on Defendant Finish Line's knowingly providing false information.

16. This is an action for relief from Defendant Frisco's racial discrimination and profiling, violating Plaintiff's Civil Rights under 42 U.S.C §1983.

17. This is an action under the Freedom of Information Act, 5 U.S.C.A. § 552, ("FOIA") for injunctive and other appropriate relief to compel the disclosure and release of documents improperly withheld from plaintiff by the Frisco Police Department

## II. THE PARTIES

18. Rocelius Lockett ("Plaintiff") is an individual residing at 18800 Lina Street, Apartment 404, Dallas, Texas, 75287.

19. Brandon Kibart ("Plaintiff") is an individual residing at 1705 Cathedral Drive, Plano, Texas 75023.

20. The Finish Line, Inc. d/b/a Finish Line is an Indiana Corporation and can be served with process through its registered agent Alan H. Cohen at 1719 English Avenue, Indianapolis, Indiana 46201, or wherever he may be found.

21. Defendant Frisco Police Department is an "agency" within the meaning of 5 U.S.C.A. § 552(f) that can be served with process through its City Attorney, Richard Abernathy at 6101 Frisco Square Boulevard, Frisco, Texas 75034, or wherever he may be found.

### III. JURISDICTION AND VENUE

22. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 42 U.S.C §1981, 42 U.S.C §1983, and 42 U.S.C §1985(3), as this case involves civil rights.

23. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiffs' federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

24. This Court has both subject-matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C.A. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C.A. § 1331. Venue lies in this district under 5 U.S.C.A. § 552(a)(4)(B).

25. Venue is proper in, and Defendants are subject to the personal jurisdiction of this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

### IV. FACTUAL ALLEGATIONS

26. On November 21, 2018, Plaintiffs planned to go Thanksgiving holiday shopping along with Plaintiff Lockett's two minor children at Stonebriar Mall located in Frisco, Texas.

27. This was supposed to be a joyful holiday. Plaintiff Lockett, a single father, drove to Houston, Texas to pick up his two children to spend time with them for the holiday and planned a shopping trip and visit to Dave & Buster's video arcade.

28. Plaintiffs visited many shops, including Finish Line, intending to make purchases.

29. After leaving Finish Line without making a purchase, the Plaintiffs went into other stores and purchased items for the children. Plaintiffs noticed that an employee from Finish Line had been following them from store to store. The Finish Line employee never made contact or asked either Plaintiff any questions.

30. The Finish Line employee, acting within the course and scope of her employment with Defendant corporation, and by direct instruction of the store manager, made a 911 call to the Frisco Police Department, falsely stating that the store manager saw Plaintiffs leave the store with three (3) "champion sweatshirts" valued at approximately six-hundred dollars ($600), and they did not pay for them.

31. Based on this 911 call made by the employee of Finish Line, falsely accusing Plaintiffs of theft, Frisco Police Officers arrived at the mall where the employee that was following Plaintiffs, pointed them out inside Champ's Sports.

32. Plaintiffs intended to continue to make purchases in the shopping mall and at Dave & Busters but were prevented by the wrongful acts of the Finish Line and its employees who worked in concert to racially profile them and have them falsely arrested.

33. Based on false statements made to the Frisco Police Officers, Plaintiffs were put into handcuffs and arrested before any questions were asked or asking to be searched. Frisco Police Officers put Plaintiffs into handcuffs, in front of Plaintiff Lockett's children and hundreds of holiday shoppers where they suffered extreme embarrassment, humiliation, and degradation while they were searched in the open and public space of the mall, during the malls busiest time of the year.

34. Defendant Finish Line, through the store manager and employee, lied to the 911 dispatcher stating that she saw Plaintiff's take merchandise from the store.

35. Defendant Finish Line, through the store manager and employee, lied to the responding officers that she saw Plaintiffs leave the store with three (3) "champion sweatshirts" valued at approximately six-hundred dollars ($600), and they did not pay for them.

36. Defendant Finish Line, through the store manager, never asked Plaintiff's if they took any items from Finish Line or if she could look in their shopping bags prior to the arrest.

37. During the arrest of Plaintiffs, the employee searched their bags from other stores multiple times, finding receipts for all the merchandise.

38. Officers of Defendant Frisco also searched Plaintiff's bags concluding there was no merchandise that was not paid for and no merchandise from Defendant Finish Line.

39. Plaintiffs did not take any items from Finish Line or commit any theft of any property belonging to Finish Line.

40. The time the Plaintiffs spent detained in handcuffs in front of the public was a deprivation

of their liberty and they were publicly humiliated in front of hundreds of holiday shoppers and Plaintiff Lockett's two children.

41. The Frisco Police Officers concluded that Plaintiffs had taken nothing from Finish Line.

42. Defendants committed racial profiling against Plaintiffs.

43. Defendants never apologized to Plaintiff's for committing racial profiling.

44. Defendants never issued a public apology for their discrimination against Plaintiffs.

45. Defendant Finish Line never denied that its employees or its store manager racially profiled Plaintiffs.

46. Defendant Finish Line and its corporation is responsible and liable for the acts of their employee in initiating the malicious prosecution of Plaintiffs, in that the employee is an employee and acted as an agent of Defendant corporation within the course and scope of her employment, and with the knowledge and acquiescence of Defendant Corporation.

47. The video of the incident has reached national, widespread platforms and millions of viewers have witnessed Plaintiff's being embarrassed during the incident.

48. Plaintiff Lockett's two children have since been emotionally damaged and are now afraid of law enforcement, the children become very emotional when they recount the incident.

49. Plaintiff's counsel asked for a copy of Defendant Finish Line's policies and procedures, but they were never provided.

50. Plaintiff's counsel asked for a copy of Defendant Frisco's policies and procedures, but they were never provided.

51. Defendants have not made any changes to policies regarding racial profiling.

52. Plaintiff's made their first requests to Defendant Frisco pursuant to the Freedom of Information Act ("FOIA"), on November 29, 2018.

53. The first request required response due by December 17, 2018.

54. Defendant Frisco forwarded the request to the Attorney General citing exceptions of confidential information, information relating to litigation, and that the law enforcement records related to detection, investigation and prosecution of the crime.

55. The Attorney General issued a determination on February 25, 2019, stating that information relating to litigation and that the law enforcement records related to detection, investigation and prosecution of the crime, need not be released, but that basic info be released to Plaintiff's.

56. The Attorney General's opinion also stated that some info was not specific enough and would need a request with specific dates and times.

57. Plaintiff's received a brief incident report that detailed there was no theft that occurred on the date of the incident.

58. Since Defendant Frisco concluded the claim of thefts against Plaintiff on the date of the incident, and it was confirmed there was no crime that took place and further investigation was not involved, Plaintiffs' Counsel made a second request to Defendant Frisco Pursuant to FOIA and the previous Attorney General's decision, on March 13, 2019 re requesting information with specificity, and noting that these documents were not apart of the exceptions.

59. Defendant Frisco forwarded, yet again, the request to the Attorney General citing the same exceptions of confidential information, information relating to litigation, and that the law enforcement records related to detection, investigation and prosecution of the crime.

60. The Attorney General issued a second opinion that mirrored the first one.

61. Defendant Frisco has failed to produce requested documents.

## V. MALICIOUS PROSECUTON

62. Plaintiffs incorporates by reference all the allegations fully set forth herein.

63. Defendant Finish Line's employee acting within the scope of her employment and within the knowledge and acquiescence of Defendant Corporation, caused a commencement of criminal prosecution of Plaintiffs when she called 911 on a false theft accusation.

64. The false arrest of Plaintiffs was caused by employee of Defendant Finish Line's initiation of the 911 call.

65. There was a termination of criminal prosecution in favor of Plaintiffs as it was found they did not commit a theft.

66. Plaintiffs were completely innocent.

67. The accusations against Plaintiffs were made without probable cause, and the employee made her 911 call as an attempt to commit profiling.

68. Defendant Finish Line discriminated against Plaintiff's based on race.

69. The accusations against Plaintiffs were malicious in that the employee of Finish Line did was aware that Plaintiffs did not take any belongings from the store, and she accused Plaintiffs based on his appearance.

70. As a proximate cause of the negligent, willful, and malicious acts of the employee and agent of Defendant Corporation, acting within the scope of her employment and within the knowledge and acquiescence of Defendant Corporation, Plaintiffs suffered loss and damage as follows:

    a. false arrest by the Frisco Police Department;

    b. injuries to Plaintiffs' name and reputation;

    c. humiliation, embarrassment, and mental suffering; and

d. reasonable expenses incident to Plaintiffs' employment of counsel in Defense of this issue.

## VI. SLANDER PER SE

71. Plaintiffs incorporates by reference all the allegations fully set forth herein.

72. Defendant Finish Line's employee acting within the scope of her employment and within the knowledge and acquiescence of Defendant Corporation made a false statement concerning the Plaintiff's.

73. The statement was orally communicated to a third party without justification or excuse.

74. The statement was defamatory as a matter of law in that it was an imputation of the commission of a crime.

75. The statement was false and made with malice.

## VII. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

76. Plaintiffs incorporates by reference all the allegations fully set forth herein.

77. Defendant Finish Line's employee acting within the scope of her employment and within the knowledge and acquiescence of Defendant Corporation acted intentionally in making a false claim against Plaintiff's.

78. The conduct was extreme and outrageous.

79. Defendant Finish Line's actions caused Plaintiff's emotional distress that was severe.

80. Defendant Frisco's officers were acting within the scope of their employment and within knowledge and acquiescence of the Frisco Police Department when placing Plaintiff's into handcuffs in a non-threatening situation and allowing them to be searched multiple times.

81. The conduct was extreme and outrageous.

82. Defendant Frisco's actions caused Plaintiff's emotional distress that was severe.

## VIII. CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS UNDER 42 U.S.C.A. § 1985(3)

83. Plaintiffs incorporates by reference all the allegations fully set forth herein.

84. Defendants, by and through their agents and employees, conspired to deprive Plaintiffs of their right guaranteed by Section 1985(3) of title 42 of the United States Code.

85. Acting as agents of Defendant, Finish Line's store manager and store employee knowingly and intentionally committed racial profiling and agreed to call 911, falsely stating that Plaintiff's committed theft.

86. Defendants actions caused Plaintiff's to be falsely arrested, depriving them of their freedom.

87. Defendant Frisco acted in combination with Defendant Finish Line in racially profiling Plaintiffs.

88. Defendants, by and through their agents and employees, caused acts to be done in furtherance of a conspiracy that deprived Plaintiffs of their civil rights protected by the Constitution.

## IX. NEGLIGENT SUPERVISION AND RETENTION

89. Plaintiffs incorporates by reference all the allegations fully set forth herein.

90. Defendants have a duty to supervise employees to ensure that racial discrimination is not committed.

91. Defendants breached their duty of supervision over employees by not supervising them adequately, in that the employees discriminated and racially profiled Plaintiff's leading to an arrest based on false claims of theft.

92. On information and belief, Defendant Corporation has received other complaints from third

parties concerning incompetence, and unfit employees based on other racial profiling claims.

93. Defendants have a duty to retain only competent and qualified employees.

94. Defendants breached their duty of retention to Plaintiffs by retaining employees and store managers that commit racial profiling.

95. Defendants actions in failing to exercise its duty to Plaintiff's by retaining incompetent and unfit employees and store managers was a proximate cause of the injuries and loss suffered by Plaintiffs.

96. The injuries and loss Plaintiff's suffered could have been prevented if Defendants would have utilized better training for its staff.

## X. FALSE IMPRISONMENT

97. Plaintiffs incorporates by reference all the allegations fully set forth herein.

98. Defendants, by and through its agents and employees alleged an accusation of theft caused the Plaintiff's to be detained by police, without consent and without authority of law.

99. Defendant's conduct was intended to cause the detention of Plaintiffs.

100. Defendants directed the detention of Plaintiffs.

101. Officers of the Frisco Police Department carried out the arrest by request of Defendant Finish Line.

102. Defendant Finish Line knowingly provided false information to law enforcement that resulted an arrest of Plaintiffs.

## XI. DEPRIVATION OF RIGHTS UNDER 42 U.S.C.A. § 1983

103. Plaintiffs incorporates by reference all the allegations fully set forth herein.

104. Defendant Frisco's Police Officers were acting under the direction and Control of

Defendant Frisco and acting under color of law and pursuant to official policy or custom of Defendant Frisco.

105. Plaintiffs were singled out and falsely arrested because of the racial minority of Plaintiff Lockett.

106. Defendant Frisco and the Frisco Police Department knew of and ratified the conduct of Defendant Police Officers and other members of the police, and that such behavior was the custom and practice of Defendant Frisco regarding racial minorities.

107. As a direct and proximate cause of the acts of Defendant Frisco's conduct as set forth above, Plaintiff's suffered severe mental anguish and fear in connection with the deprivation of their constitutional and statutory rights guaranteed by the Fourth, and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C.A. § 1983.

## XII. VIOLATION OF THE FREEDOM IF INFORMATION ACT

108. Plaintiffs have exhausted the applicable administrative remedies with respect to Defendant Frisco's withholding of the requested documents.

109. Plaintiffs are entitled to injunctive relief and an order from this court compelling the immediate release and disclosure of the requested documents.

## XII. PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs Rocelius Lockett and Brandon Kibart respectfully pray that Defendants be cited to appear and answer herein and that on final trial Plaintiffs are awarded:

    a. Actual damages against Defendants;

    b. Out-of-pocket losses;

c. Pre and post judgment interest;

d. Attorneys' fees;

e. Costs of court; and

f. Such other and further relief, both legal and equitable, to which Plaintiff may show himself to be justly entitled.

Plaintiff's respectfully request that this court:

a. Issue an order compelling Frisco to immediately disclose to plaintiff the requested documents in their entirety;

b. Provide for expeditious proceedings in this action;

c. Award plaintiff its costs and reasonable attorney's fees incurred in this action; and

d. Grant plaintiff such other and further relief as the court may deem just and proper.

## XIII. JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

TAILIM SONG LAW FIRM

*/s/ Tailim Song*
Tailim Song
State Bar No. 00792845
tsong@tailimsong.com
8111 LBJ Freeway, Suite 480
Dallas, Texas 75251
(214) 528-8400 Telephone
(214) 528-8402 Facsimile
**ATTORNEY FOR PLAINTIFFS**